IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony A. Williams, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>South Carolina Workers Compensation )<br>Commission, Gary Cannon, )<br>Commissioner Scott Beck, )<br>Commissioner Cynthia Dooley, )<br>Commissioner Gene McCaskill, )<br>Commissioner Aisha Taylor, Amy )<br>Bracy, Commissioner Mike Campbell, )<br>and Eugenia Hollman, )<br>)<br>    Defendants. )<br>_____ ) | Civil Action No. 9:25-cv-3463-BHH<br><br>**<u>ORDER</u>** |

     This matter is before the Court upon Plaintiff Tony A. Williams' ("Williams") pro se complaint, which was removed to this Court on April 25, 2025. (ECF No. 1.) On July 31, 2025, Plaintiff filed a motion for judgment on the pleadings. (ECF No. 31.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

     On September 9, 2025, Magistrate Judge Molly H. Cherry issued a report and recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiff's motion. In the Report, the Magistrate Judge explained that Defendants have denied all of Plaintiff's material factual allegations such that the material issues in this case cannot be resolved on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 53.)

     Attached to the Report was a notice advising Plaintiff of his right to file written

objections to the Report within 14 days of receiving a copy. On September 15, 2025, Plaintiff filed objections to the Magistrate Judge's Report. (ECF No. 56.) Defendants filed a reply to Plaintiff's objections on September 29, 2025. (ECF No. 61.)

In his objections, Plaintiff objects to the Magistrate Judge's finding that material factual issues cannot be resolved on the pleadings alone, and he also asserts that the Magistrate Judge erred in finding that Defendants' answer complies with Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 56 at 1-2.) Additionally, Plaintiff asserts that the Report fails to address the systematic nature of Defendants' misconduct. (*Id.* at 2.)

Here, after *de novo* review, the Court finds Plaintiff's objections entirely unavailing, and the Court fully agrees with the Magistrate Judge's findings and analysis.[1] Accordingly, the Court adopts the Magistrate Judge's Report in full and overrules Plaintiff's objections. Stated plainly, the Court finds that Defendants' answer complies with Rule 8 and that the record contains genuine disputes of material fact that cannot be resolved on the pleadings alone, such that judgment under Rule 12(c) is not proper at this time.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 53); the Court overrules Plaintiff's objections (ECF No. 56); and the Court denies Plaintiff's motion for judgment on the pleadings (ECF No. 31).

---

[1] The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 30, 2025
Charleston, South Carolina