IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Tony A. Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 9:25-cv-03463-BHH |
| v. | ) | |
| | ) | **ORDER** |
| South Carolina Workers Compensation Commission, Gary Cannon, Commissioner Scott Beck, Commissioner Cynthia Dooley, Commissioner Aisha Taylor, Amy Bracy, Commissioner Mike Campbell, and Eugenia Hollman, | ) | |
| | ) | |
| Defendants. | ) | |
| ___ | ) | |

Plaintiff Tony A. Williams ("Plaintiff"), proceeding *pro se*, filed this action in state court. (ECF No. 1-1.) Plaintiff alleges that he filed an amended claim SCWCC #2223078 on October 16, 2023, for a work-related injury and respiratory and skin disease on various parts of his body. (*Id*. at 8.) He further alleges that a hearing was held on July 10, 2024, before a single South Carolina Workers' Compensation Commission ("SCWCC") Commissioner. (*Id*.) He asserts that he was denied his Fourteenth Amendment right to "due process to be heard," and that the SCWCC "created 3 duplicate claims for fraudulent intent using the plaintiff's identity" and withheld his monetary benefits "when the insurance carrier has already accepted liability for plaintiff's claim as work related injuries and diseases due [to] inhalation of fiberglass insulation." (*Id*.)

Defendants include the SCWCC and Commissioners and employees of SCWCC. They removed the case to this federal court and moved for dismissal. (ECF Nos. 1, 2.)

With leave of court, Plaintiff filed the operative amended complaint in which he alleges that there was a fourth fraudulent claim. (ECF No. 24 at 1-2.) In his Amended Complaint, Plaintiff asserts that the SCWCC and its individual commissioners and employees violated his Fourteenth Amendment right to due process, engaged in deliberate fraud by misusing his identity for fraudulent insurance claims, and knowingly disregarded his repeated requests to investigate these allegedly unlawful activities. (ECF No. 24; *see* ECF No. 31 at 1.) Plaintiff alleges that Defendants have conspired together to create fraudulent insurance claims using Plaintiff's identity, as purportedly evidenced by the fact that there are a set of three WCC file numbers Plaintiff has designated as "genuine claims," which he presumably agrees he initiated, and a set of three WCC file numbers Plaintiff has designated as "fake claims." (*Id.*)

Now before the Court are the following motions: (1) Plaintiff's motion for preliminary injunction (ECF No. 55); (2) Plaintiff's "Combined Motion to Strike Insufficient Defenses, for Sanctions under Federal Rule of Civil Procedure 11, and for Partial Judgment on the Pleadings" (ECF No. 57); (3) Defendants' motion to dismiss (ECF No. 69); (4) Plaintiff's motion to strike the motion to dismiss (ECF No. 77); and (5) Defendants' motion for summary judgment (ECF No. 107). These motions have been fully briefed and are ripe for review. (*See* ECF Nos. 60, 62, 71, 76, 81, 86, 113, & 114.) Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A) and (B), and the Local Rules, D.S.C., these motions were referred to a United States Magistrate Judge for consideration.

On May 27, 2026, United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") (ECF No. 125), recommending that the Court: (1) deny Plaintiff's motion for preliminary injunction (ECF No. 55); (2) deny Plaintiff's "Combined

Motion to Strike Insufficient Defenses, for Sanctions under Federal Rule of Civil Procedure 11, and for Partial Judgment on the Pleadings" (ECF No. 57); (3) grant Defendants' motion for summary judgment as to Plaintiff's federal claims (ECF No. 107); (4) decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remand this action to state court; (4) and deny as moot Defendants' motion to dismiss and Plaintiff's motion to strike the motion to dismiss (ECF Nos. 69, 77).

On June 8, 2026, Plaintiff filed objections to the Report, a supplement to his objections, and two motions to strike the Report. (ECF Nos. 128-129, 135-136.) Plaintiff then filed the following motions:

- "motion to compel immediate adjudication of un-ruled substantive motions[1] prior to any evaluation of the report and recommendation" (ECF No. 130);
- motion to strike (ECF No. 131) the Magistrate Judge's May 27, 2026, order (ECF No. 121) denying Plaintiff's Emergency Motion to Compel Discovery and for Sanctions (ECF No. 85) and Motion for Sanctions, including Default Judgment, for Willful Discovery Violations and Fraud on the Court (ECF No. 95);
- motion to strike (ECF No. 132) the Magistrate Judge's May 27, 2026, text order (ECF No. 122) denying Plaintiff's motion to clarify conflict of interest and indemnification (ECF No. 101);
- motion to strike (ECF No. 133) the Magistrate Judge's May 27, 2026, text order (ECF No. 123) denying Plaintiff's motion for entry of default (ECF No. 106) and motion for default judgment (ECF No. 116); and
- motion to strike (ECF No. 134) the Magistrate Judge's May 27, 2026, text order (ECF No. 124) granting Defendants' motion to stay (ECF No. 82) and Defendants' motion for relief from mediation requirements (ECF No. 108).

[1] The specific "un-ruled substantive motions" are Plaintiff's motion for preliminary injunction (ECF No. 55); Plaintiff's "Combined Motion to Strike Insufficient Defenses, for Sanctions under Federal Rule of Civil Procedure 11, and for Partial Judgment on the Pleadings" (ECF No. 57); and Plaintiff's Motion to Strike the Motion to Dismiss (ECF No. 77).

On June 10, 2026, Defendants filed objections to the Report. (ECF No. 137.) Plaintiff filed a reply to Defendants' objections on June 23, 2026. (ECF No. 146.)

On June 22, 2026, Defendants filed a reply to Plaintiff's objections and supplement to the Report and a response to Plaintiff's motions to strike the Report. (ECF Nos. 138, 141.) Defendants also filed responses to Plaintiff's other motions listed above. (*See* ECF Nos. 139-140.) Plaintiff, in turn, filed replies to Defendants' opposition briefs. (*See* ECF No. 144-45, 147-148.)

**STANDARD OF REVIEW**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g.,*

*De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir.1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

## <u>DISCUSSION</u>

### I. Plaintiff's Objections

Plaintiff's **first** objection to the Report is that the Magistrate Judge committed a fatal error of law by ruling on Defendants' summary judgment motion because, according to Plaintiff, Defendants remain in "[a]bsolute, [u]ncured [p]leading [d]efault." (ECF No. 128 at 2-3.)

A review of the record reveals that on May 27, 2026, the Magistrate Judge entered a text order denying Plaintiff's motion for entry of default judgment and motion for default judgment (ECF No. 123.) Therein, she explained:

> Before a plaintiff can move for default judgment, the clerk of court must enter default. Green v. Sanchez, No. 2:21-CV-01376-RMG, 2022 WL 2785848, at *1 (D.S.C. June 22, 2022). Entry of default is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). As this Court has previously found, Defendants fully responded to the Amended Complaint on July 16, 2025. See ECF Nos. 28, 66. Moreover, Defendants have rigorously defended this action and filed multiple dispositive motions. Accordingly, no Defendant is in default, such that Plaintiff's Motions for Default Judgment (ECF Nos. 106 and 116) are DENIED.

(*Id.*) Thus, contrary to Plaintiff's assertion, Defendants are not in default, and the Magistrate Judge did not commit "a fatal error of law" by issuing a ruling on Defendants'

pending motion for summary judgment in her Report. Accordingly, the Court overrules this objection.

Plaintiff's **second** objection to the Report is that the Magistrate Judge erred in concluding that Plaintiff has not established a claim for violation of his Fourteenth Amendment right to due process. (ECF No. 128 at 2.) However, in support of this objection Plaintiff simply rehashes his previously made arguments that were considered by the Magistrate Judge. (*Compare id. with* ECF No. 125 at 11-12 (outlining Plaintiff's arguments)); *Nealy v. Warden, Lee Corr. Inst.*, No. 1:18-CV-00777-RBH, 2018 WL 6695713, at *1 (D.S.C. Dec. 20, 2018) ("[O]bjections that merely rehash arguments previously raised and considered by the Magistrate Judge are insufficient to direct the Court to a specific error."). Nonetheless, after a *de novo* review, the Court finds that the Magistrate Judge did not commit "a severe error of law." (ECF No. 128 at 3). Rather, the Court finds that the Report accurately outlined the evidence in the record and properly concluded that summary judgment in Defendants' favor is warranted on Plaintiff's Fourteenth Amendment due process claims. Accordingly, the Court overrules this objection.

Plaintiff's **third** objection to the Report is that the "Magistrate Judge Committed a Prejudicial Abuse of Discretion and Severe Error of Law by Ruling in ECF No. 121 That Native Electronic Metadata is 'Not Proportional,' Rewarding Moving Parties For the Willful Spoliation of a 0-Byte Drive." (ECF No. 128 at 3.) Plaintiff then states that the error he is opposing is the Report's recommendation that the Court dismiss his "Civil RICO and Fourteenth Amendment claims because Plaintiff 'failed to present evidence'" to support a RICO claim. (*Id.*)

First, the Court notes that this objection to the Report appears to be nothing more than a complaint to a finding made in an earlier order issued by the Magistrate Judge that is not presently before the Court. In any event, after a *de novo* review, the Court finds that the Magistrate Judge properly concluded that "Plaintiff has failed to allege sufficient facts to plead a plausible RICO claim and has failed to point to evidence to establish such a claim." (ECF No. 125 at 15.) Accordingly, the Court overrules this objection.

Plaintiff's **fourth** objection is that the "Magistrate Judge completely glided over the fact that Plaintiff submitted a sworn affidavit . . . that he did not digitally sign" the March 31, 2023, agreement "that settled Plaintiff's Whole Body and Skin Irritation claims." (ECF No. 128 at 4.) However, upon review, the Report specifically noted that "[b]oth Agreements [specifically including the agreement dated March 31, 2023] appear to be signed by Plaintiff, but [that Plaintiff] avers in a sworn affidavit that he did not digitally sign the Agreement for the Lungs/Whole Body Claim." (ECF No. 125 at 3 (noting also that Plaintiff avers that he did not place the initial stamped at 11:36 a.m.).) Plaintiff then states in support of this objection that "[a] documented chronological paradox indicating a graphic clone and identify theft creates an absolute question of fact . . . ." (ECF No. 128 at 4.) The Court finds no merit to this objection. As shown, the Magistrate Judge did not "glide over" this evidence presented by Plaintiff in making her recommendations. Accordingly, the Court overrules this objection.

Plaintiff's **fifth** objection to the Report is that the Magistrate Judge improperly relied on the outcome of the July 10, 2024, hearing before Commissioner Mike Campbell because, according to Plaintiff, "[t]he administrative hearing was a jurisdictional nullity"

and was conducted "on a fraudulent foundation." (*Id.* at 4-5.) Plaintiff makes a nearly identical objection in his **sixteenth** objection. (*Id.* at 10.)

After *de novo* review, the Court finds no merit to these objections. The Magistrate Judge correctly summarized the evidence in the record as to this hearing, including that Plaintiff was represented by counsel and presented sworn testimony at this hearing and that the Commissioner issued a written Decision and Order finding, among other things, that Plaintiff's first two workers' compensation claims had been resolved via settlement. (ECF No. 125 at 12.) Accordingly, the Court overrules these objections.

Plaintiff's **sixth** objection to the Report is the Magistrate Judge's recommendation that Plaintiff's state-law claims be remanded. (ECF No. 128 at 5.) The Court notes that Plaintiff's objections also contain a third section entitled "The Jurisdictional and Structural Immunity Impossibility of Remand." (*Id.* at 13-14.) The Court, however, will address this objection in Section II, *infra*, as Defendants similarly filed an objection to this recommendation. (*See* ECF No. 137).

Plaintiff's **seventh** objection to the Report is that the Magistrate Judge erred by overlooking Defendants' "Broad, Total Non-Compliance with the Court's Explicit Scheduling Order Deadlines." (ECF No. 128 at 5.) Specifically, Plaintiff claims the Report ignores "all active, frozen scheduling order defaults on the docket." (*Id.*) Once again, the Court finds this objection to the Report is instead a complaint about prior rulings or orders issued by the Magistrate Judge that are not presently before the Court. Accordingly, the Court overrules this objection.

The Court likewise finds that Plaintiff's **eighth, ninth, eleventh, twelfth, thirteenth, and fifteenth**[2] objections to the Report are in fact generalized complaints about prior rulings or orders of the Magistrate Judge that are not presently before the Court. Consequently, the Court overrules these objections.

Plaintiff's **tenth objection** to the Report is that the Magistrate Judge ignored Plaintiff's allegations, specifically "the four distinct corporate-bureaucratic fraud matrices involving specific WCC claim numbers . . . and matching Insurance Carrier tracking numbers," to support that the Commission "generated duplicate 'fake' tracking profiles" and engaged in a "systemic **Civil RICO enterprise**" (ECF No. 128 at 7 (emphasis in original).) Plaintiff's **fourteenth** objection is related in that Plaintiff claims that the Magistrate Judge erred by treating "the duplicate file numbers" or "[m]anufactured [g]host [c]laims" "as legally valid." (*Id.* at 9.)

After review, the Court finds no merit to these objections. The Magistrate Judge accurately outlined and discussed each of the relevant WCC claim numbers, as supported by the undisputed record, and noted Plaintiff's additional fraud claim raised in his amended complaint related to three WCC file numbers Plaintiff believed to be "fake." (ECF No. 125 at 2-3.) The Court rejects Plaintiff's assertion that the Magistrate Judge "[f]actually mischaracterize[ed] the [r]ecord." (ECF No. 128 at 9.) While it is true that the Magistrate Judge did not address Plaintiff's fraud claim, that is because she recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law

[2] In this objection, Plaintiff also argues that "the court was required to draw an Adverse Inference against moving parties who hid their data behind an empty piece of plastic." (ECF No. 128 at 10.) However, as noted by the Magistrate Judge in her Report: "As this alleged suppressed metadata pertains to Plaintiff's state-law fraud claims, the court need not reach this issue to determine whether to grant summary judgment on the federal claims." (ECF no. 125 at 16 n.1.) Given the Court's adoption of the Report's recommendation to remand Plaintiff' state law claims to state court, the Court does not and need not address this aspect of objection fifteen.

claims. (*Id.* at 16.) Further, as to any purported RICO claim, the Court finds that the Magistrate Judge correctly found that Plaintiff "does not identify any of his causes of action as a claim brought pursuant to RICO" nor "make any arguments in response to Defendant's Motion for Summary Judgment regarding RICO." (*Id.* at 15.) Thus, the Court overrules these objections.

Related to his fourth objection, above, Plaintiff's **seventeenth** objection to the Report is that the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment is in error because it is based on final settlement agreements with "unauthenticated graphic overlays lacking any secure digital audit trail." (ECF No. 128 at 10.) Having reviewed the relevant evidence at ECF No. 107-4, the Court is satisfied that the Magistrate Judge properly relied on this record evidence in arriving at her recommendation. Therefore, the Court overrules this objection.

Plaintiff's **eighteenth** objection to the Report is that the "Magistrate Judge Erred by Blindly Overlooking the Defendants' Binding Admission by Silence on Impermissible Pleading Defects, Spoliation, and Express Procedural Defaults." (ECF No. 128 at 11.) Plaintiff's **nineteenth** objection is that the "Magistrate Judge Erred as a Matter of Law By Wholly Bypassing the Physical Reality of Plaintiff's Evidentiary Showing Regarding Actual Malice, Financial Sabotage, and Physical Injury." (*Id.*) Even when construed liberally and in the light most favorable to Plaintiff, the Court finds that these objections fail to direct the Court to any specific error in the Report. Thus, the Court overrules these objections.

Plaintiff's **twentieth** objection to the Report is that the Magistrate Judge "Committed a Fatal Structural Error and Constitutional Due Process Violation" by recommending that Plaintiff's motion to strike Defendants' motion to dismiss be denied as

moot. (ECF No. 128 at 12.) According to Plaintiff, the Magistrate Judge is "attempting to sneakively [sic] dissolve an active pleadings challenge through a blanket summary dismissal narrative," and "[t]his represents a severe breakdown of federal procedure." (*Id.*)

After review, the Court finds no merit to this objection. Given Plaintiff's *pro se* status, the Court can understand Plaintiff's confusion. However, the Court finds no error in the Report's recommendation in this regard given her sound findings on Defendant's motion for summary judgment. Accordingly, the Court overrules this objection.

Plaintiff's **twenty-first** objection to the Report is that the Magistrate Judge erred in recommending that Plaintiff's motion for preliminary injunction be denied because the court did not hold "a formal evidentiary hearing," relying on *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). (*Id.* at 12-13.) The *Simmons* case, however, does not support Plaintiff's argument. The *Simmons* case dealt with whether a suspect was entitled to a *Franks* hearing where the suspect challenged an affidavit used in support of his arrest.

Plaintiff further complains that the Report treated his motion "as a throwaway conclusion inside a narrative text block." (*Id.* at 12.) After review, the Court finds that that the Magistrate Judge reviewed Plaintiff's requested relief in his motion, properly applied the appropriate *Winter* factors, and correctly determined that Plaintiff has not made a clear showing that he is likely to succeed on the merits of any of his claims." (ECF No. 125 at 5.) Accordingly, the Court overrules this objection.

Plaintiff's **twenty-second** objection to the Report is that the "Magistrate Judge Committed a Fatal Structural Error on Page 17 by Recommending the Denial of Plaintiff's Motion to Strike Evasive General Denials (ECF No. 57) Without Ever Assessing Pleading

Insufficiency Under Rule 12(f).” (ECF No. 128 at 13.) Plaintiff claims that the Magistrate Judge “completely bypass[ed] the mandatory legal analysis governing bad-faith general denials” and that “[t]his structural omission violates the strict mandates of Rule 12(f) and Rule 8(b).” (*Id.*) As best as this Court can decipher, Plaintiff is simply rehashing his arguments in support of his motion to strike, as discussed in the Report. (*See* ECF No. 125 at 6.) Further, as noted in the Report, “[t]he District Court has previously considered these arguments and held that ‘Defendants’ answer complies with Rule 8 and that the record continues genuine disputes of material fact that cannot be resolved on the pleadings alone, such that judgment under Rule 12(c) is not proper at this time.’” (*Id.*) Accordingly, the Court finds no merit to this objection.

## II. Defendants’ Objections & Plaintiff’s Sixth Objection

Defendants object to the Magistrate Judge’s recommendation that Plaintiff’s’ fraud and conspiracy claims be remanded to state court. (ECF No. 137.) Specifically, Defendants object to the Report’s “representation that there may have been any credible forgery or fraud allegations regarding Mr. Williams’ electronic signature on the ‘Agreement for the Lungs/Whole Body Claim.’” (*Id.* at 1.) Defendants state:

> [r]egardless of whether Mr. Williams is mistaken about what he signed on March 31, 2023, it would not make sense that he would have legitimately signed one Agreement, but 30 minutes later an unknown state agent would have fraudulently Docusigned the other Agreement through the Docusign session he opened through his email. As minor or trivial as this factual discrepancy may be compared to the totality of the circumstances of this case, the named defendants object to every inference that Plaintiff’s claims of fraud, forgery, or other misconduct could possibly be credible in any way.

(*Id.* at 2.) Further, Defendants state that “[t]hough the Magistrate determined in her report [that the relevant] factors weigh in favor of declining jurisdiction, the Defendants respectfully implore the Court to reassess.” (*Id.*at 3) Defendants note that Plaintiff’s initial

complaint was filed over a year ago; that the parties have had time to complete any needed discovery, though no depositions were conducted; and that "Plaintiff himself would prefer this Court to adjudicate his state law claims than the state court." (*Id.*) Defendants argue that judicial economy would be served because a substantial amount of litigation has occurred since this matter was removed. (*Id*.) Additionally, both parties[3] argue that the "factual allegations underlying Plaintiff's fraud, forgery, and conspiracy claims are part and parcel of Plaintiff's Fourteenth Amendment and RICO claims." (*Id.*; ECF No. 128 at 5, 14.)

A district court "may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (citing 28 U.S.C. § 1367(c)); *see also Carlsbad Tech., Inc., v. HIF Bio, Inc*., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). "Generally, when a district court dismisses all federal claims in the early stages of litigation – e.g., at the summary judgment stage – it should decline to exercise jurisdiction over any remaining pendent state law claims." *Henderson*, 102 F.4th at 251; *see also Rodriguez v. FastMed Urgent Care, P.C*., 741 F. Supp. 3d 352, 364 (E.D.N.C. 2024) ("Eliminating all federal claims before trial generally suffices for a federal court to decline supplemental jurisdiction over pendent state-law claims."). The Court further notes that it has wide discretion in making this determination and "should consider and weigh [several factors, including] . . . judicial economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

[3] As noted in Section I, Plaintiff also asserts an objection on this basis.

In her Report, the Magistrate Judge found that the balance of these factors weighs in favor of remand, citing to *Carnegie-Mellon University*, wherein the Supreme Court stated, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*. at 351 n.7.

After review, the Court agrees with the Magistrate Judge's recommendation that the Court decline to exercise jurisdiction over Plaintiff's state law claims. The Court notes that there are reasons to exercise supplemental jurisdiction and reasons not to exercise supplemental jurisdiction over Plaintiff's state law claims for fraud and civil conspiracy. With respect to the former, the Court recognizes that retaining jurisdiction over these state law claims would promote judicial economy. With respect to the latter, however, the Court finds that the factors of convenience, fairness, and comity all weigh in favor of remanding the state law claims. *See, e.g., United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) (warning that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . . [I]f federal claims are dismissed before trial . . . the state law claims should be dismissed as well"); *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 553 n. 4 (4th Cir. 2006) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 353-54 ("Once a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction.").

First, Plaintiff elected to file suit initially in South Carolina state court, and the individual Defendants are South Carolina citizens. Thus, Jasper County Court of Common

Pleas is both a convenient and fair forum for the state law claims. Second, the state law claims have no connection to federal interests or policies, and South Carolina has a strong interest in deciding the state law issues that remain – especially seeing that, here, the claims are brought against a *state* agency that administers the *state*'s workers' compensation system and that agency's employees. Next, the Court notes that if summary judgment were to be denied on any of the remaining state law claims, it would be more appropriate for these claims to be tried in a state court. Thus, considerations of comity also support remand. Therefore, the Court overrules Defendants' objections and Plaintiff's sixth objection and finds it appropriate to remand Plaintiff's remaining state law claims to state court.

**III. Plaintiff's Motions to Strike, ECF Nos. 131-134**

Rule 12(f) permits the court, on motion of either party, to strike "from any *pleading* any insufficient defense or redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Plaintiff has attempted to use such a motion to strike orders issued by the Magistrate Judge. (*See* ECF Nos. 131-134 (seeking to strike orders at ECF Nos. 121-124).) An order of the court, however, is not a pleading. *See* Fed .R. Civ. P. 7(a) (defining pleadings as complaints, answers, and replies to counterclaims). The filing of a motion to strike, therefore, is not a proper way to challenge orders issued by the Court. Consequently, the Court denies Plaintiff's motions to strike. (ECF No. 131-134.)

**CONCLUSION**

After careful consideration of the relevant materials and the applicable law, and for the reasons set forth above, the Court: **adopts and specifically incorporates** the

Magistrate Judge's Report into this Order (ECF No. 125); **overrules** Plaintiff's objections to the Report (ECF No. 128); **denies** Plaintiff's motions to strike the Report (ECF Nos.135-136); and **overrules** Defendants' objections to the Report. (ECF No. 137). Accordingly, the Court **denies** Plaintiff's motion for preliminary injunction (ECF No. 55); the Court **denies** Plaintiff's combined motion to strike insufficient defenses, for sanctions under Federal Rule of Civil Procedure 11, and for partial judgment on the pleadings (ECF No. 57); the Court **grants** Defendants' motion for summary judgment (ECF No. 107) as to Plaintiff's federal claims and **remands** Plaintiff's remaining state law claims to the Court of Common Pleas for Jasper County, South Carolina; and the Court **denies as moo**t Defendants' motion to dismiss (ECF No. 69) and Plaintiff's motion to strike the motion to dismiss. (ECF No. 77.) Further, the Court **denies as moot** Plaintiff's motion to compel immediate adjudication (ECF No. 130); and the Court **denies** Plaintiff's motions to strike court orders at ECF Nos. 121-124. (ECF Nos. 131-134.)

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 20, 2026
Charleston, South Carolina